******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID SMERNOFF *v.* STAR TIRE AND WHEEL
(AC 43962)

Alvord, Elgo and Cradle, Js.

*Syllabus*

The plaintiffs, S and F Co., sought to recover damages from the defendant
for breach of contract after the defendant allegedly breached its obliga-
tion to repair S's motor vehicle. The plaintiffs alleged that the defendant
improperly drilled a hole in the engine block and damaged the vehicle
and that, as a result of the defendant's breach, the plaintiffs incurred
expenses for, inter alia, the repair of the vehicle, rental of a replacement
vehicle, and lost business time and profits. The court rendered judgment,
after a trial to the court, for the plaintiffs, awarding certain damages,
and denying the plaintiffs' request for further claimed damages. On the
defendant's appeal to this court, *held* that the trial court did not err in
awarding certain direct and consequential damages to the plaintiffs: the
plaintiffs presented sufficient evidence for the trial court to fairly and
reasonably estimate their expenses, and the court subsequently awarded
direct and consequential damages in amounts that were consistent with
the plaintiffs' itemized expenses; with respect to direct damages, the
plaintiffs presented invoices for work performed by the defendant, addi-
tional repair costs, and the cost of a replacement engine, and, with
respect to consequential damages, the plaintiffs presented documenta-
tion of towing and rental expenses; accordingly, the damages award
was not clearly erroneous, considering the evidentiary record before
the court and affording the court the broad discretion that it is entitled
to in calculating damages.

Argued January 12—officially released May 11, 2021

*Procedural History*

Action to recover damages for breach of contract,
brought to the Superior Court in the judicial district of
New Haven, where From Here to Antiquity, LLC, was
added as a plaintiff; thereafter, the matter was tried to
the court, *Hon. Anthony V. Avallone,* judge trial referee;
judgment for the plaintiffs, from which the defendant
appealed to this court. *Affirmed.*

*Andrea A. Dunn,* for the appellant (defendant).

*Patrick J. Aveni,* with whom was *John A. Keyes,* for
the appellees (plaintiffs).

*Opinion*

PER CURIAM. This appeal arises out of a breach of contract action by the plaintiff David Smernoff[1] against the defendant, Star Tire and Wheel d/b/a Star Tires Plus Wheels, LLC. On appeal, the defendant claims that the trial court erred in awarding damages to the plaintiff in the amount of $8918.98. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In April, 2018, the plaintiff initiated a breach of contract action against the defendant. In his one count amended complaint (operative complaint), the plaintiff alleged that, in January, 2018, the defendant breached a contractual obligation to repair his 2006 Dodge Sprinter by improperly drilling a hole in the engine block and damaging the vehicle. The plaintiff further alleged that, as a result of the defendant's breach, he incurred expenses for, inter alia, the repair of his vehicle, rental of a replacement vehicle, and lost business time and profits.[2]

The case was tried before the court, *Hon. Anthony V. Avallone*, judge trial referee, on August 22, 2019. On October 1, 2019, the court rendered judgment for the plaintiff in the amount of $8918.98.[3] The damages award included the following expenses: $580.40 for the cost of work performed by the defendant; $895.62 for additional repair costs; $135 for towing costs; $3000 for the cost of a replacement engine; and $4307.96 for the cost of rental vehicles from February, 2018, through September, 2018.

The court denied the plaintiff's request for other damages. The court declined to award further damages pertaining to rental expenses that the plaintiff incurred after September 24, 2018. The court explained that, although the plaintiff is entitled to compensation for rental expenses that were incurred during a reasonable period of time, the plaintiff failed to mitigate his damages by incurring rental expenses beyond September 24, 2018. The court also declined to award damages in the requested amount of $6000 for replacing the engine of the vehicle. The court explained that "[t]he plaintiff is entitled to something toward solving the ultimate problem to this vehicle, but [is not] . . . entitled to 100 percent." The court commented on the mileage of the vehicle and took into consideration evidence pertaining to the plaintiff's temporary use of the vehicle subsequent to the work performed by the defendant.[4] Furthermore, the court declined to award damages for lost business profits, reasoning that it "did not receive sufficient evidence [from the plaintiff] to determine that [the lost business profits were the result] of the defendant's negligence."[5] This appeal followed.

On appeal, the defendant claims that the trial court erred in awarding damages to the plaintiff in the amount

of $8918.98. The defendant contends that the amount of damages awarded creates "unreasonable economic waste." Specifically, the defendant maintains that "[a] proper measure of damages . . . should not have exceeded the difference between the value of the vehicle in its current condition and its value had the repair work been properly done." The defendant argues that, in light of a Kelley Blue Book document that it entered into evidence suggesting that a 2006 Dodge Sprinter in "[f]air [c]ondition" was worth up to $4320,[6] "the court put the [plaintiff] in a far superior position than he would have been in if the contract had been performed" because "the damages awarded . . . are more than double the fair market value of the [plaintiff's] motor vehicle." In response, the plaintiff contends that, "[h]aving reviewed the evidence in its totality, the trial court's findings were sound and not the product of mistake." The plaintiff argues that the "general damages" awarded by the court "may fairly and reasonably be considered as arising naturally from the [defendant's] breach." The plaintiff further argues that the "consequential damages" awarded by the court were "reasonably foreseeable at the time . . . the parties entered into the contract . . . ." We agree with the plaintiff.

"The general rule of damages in a breach of contract action is that the award should place the injured party in the same position as he would have been in had the contract been performed. . . . Damages for breach of contract are to be determined as of the time of the occurrence of the breach." (Internal quotation marks omitted.) *Gazo* v. *Stamford*, 255 Conn. 245, 264–65, 765 A.2d 505 (2001). "The [injured party] has the burden of proving the extent of the damages suffered. . . . Although the [injured party] need not provide such proof with [m]athematical exactitude . . . the [injured party] must nevertheless provide sufficient evidence for the trier to make a fair and reasonable estimate. . . . Our Supreme Court has held that [t]he trial court has broad discretion in determining damages. . . . The determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous. . . . In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . On appeal, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled. . . . In other words, we are constrained to accord substantial deference to the fact finder on the issue of damages. . . . Under the clearly erroneous standard, we will overturn a factual finding only if there is no evidence in the record to support it . . . or [if] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) *Northeast Builders Supply & Home Centers, LLC* v.

*RMM Consulting, LLC*, 202 Conn. App. 315, 353, 245 A.3d 804 (2021).

"The Restatement (Second) of Contracts divides [an injured party's] recovery into two components: (1) direct damages, composed of the loss in value to him of the other party's performance caused by its failure or deficiency; 3 Restatement (Second), Contracts § 347 (a) (1981); plus, (2) any other loss, including incidental or consequential loss, caused by the breach . . . . Id., § 347 (b). Traditionally, consequential damages include any loss that may fairly and reasonably be considered [as] arising naturally, i.e., according to the usual course of things, from such breach of contract itself." (Internal quotation marks omitted.) *Ambrogio* v. *Beaver Road Associates*, 267 Conn. 148, 155, 836 A.2d 1183 (2003).

With respect to direct damages, the plaintiff presented sufficient evidence for the court to fairly and reasonably estimate his expenses. In particular, the plaintiff presented an invoice showing that he paid $580.40 for the work performed by the defendant. The plaintiff presented invoices and documentation indicating that he incurred expenses for additional repairs in the amount of $200, $212.70 and $482.92. Furthermore, the plaintiff presented invoices indicating that he paid in excess of $3000 for a replacement engine. The court considered this evidence and awarded direct damages in an amount that is consistent with the plaintiff's itemized expenses.

With respect to consequential damages, the plaintiff also presented sufficient evidence for the court to fairly and reasonably estimate his expenses. In particular, the plaintiff presented documentation that the vehicle was towed on three separate occasions, incurring towing expenses of $135. Finally, the plaintiff presented invoices indicating that he incurred rental expenses from February, 2018, through September, 2018, in the total amount of $4307.96. The court considered this evidence and awarded consequential damages in an amount that is consistent with the plaintiff's itemized expenses.

Having reviewed the evidentiary record before the court and affording the trial court the broad discretion that it is entitled to in calculating damages, we are not convinced that the damages award was clearly erroneous or that a mistake was made. Accordingly, we reject the defendant's claim that the trial court erred in awarding damages to the plaintiff in the amount of $8918.98.

The judgment is affirmed.

[1] By way of a September 14, 2018 "Motion to Intervene and Be Made a Co-Plaintiff," Smernoff moved to interplead From Here to Antiquity, LLC, as a plaintiff in the underlying action. On October 5, 2018, the court granted this motion. Thereafter, on November 1, 2018, an amended complaint (operative complaint) was filed that named both Smernoff and From Here to Antiquity, LLC, as plaintiffs. However, From Here to Antiquity, LLC, never filed an appearance in the underlying action or in this appeal. We therefore refer to Smernoff as the plaintiff in this appeal.

[2] In support of his operative complaint, the plaintiff testified that, in 2006 or 2007, he purchased a new 2006 Dodge Sprinter for use in his antique business. The plaintiff testified that, after he brought his vehicle to the defendant for repairs in January, 2018, his vehicle could not be started and had to be towed. The plaintiff further testified that, thereafter, he began renting vehicles to continue his business operations while his vehicle was disabled.

[3] The trial court found that the plaintiff's damages were a result of the defendant's negligence. The defendant does not challenge the propriety of the court's determination as to liability.

[4] The defendant presented a Carfax report indicating that the plaintiff's vehicle incurred an additional 4286 miles subsequent to the work it had performed on the vehicle. The plaintiff testified that the additional 4286 miles were incurred while the vehicle was repaired temporarily.

[5] On September 10, 2019, the defendant filed a motion for reconsideration, contending that the award of damages put the plaintiff "in a much better position than he would have been had the contract been performed." The defendant argued that "[t]he plaintiff's rental costs were in excess of the vehicle's value and that coupled with the award of $3000 for a used engine, are, in effect, giving the plaintiff more than twice what the vehicle was worth at the time [that] it was repaired at the defendant's place of business." On February 10, 2020, the court denied the defendant's motion for reconsideration.

[6] The plaintiff testified that his vehicle was worth an estimated $15,000 and that it was in "great condition."